COMMONWEALTH *vs.* JOHN MADDEN.

On the trial of an indictment for being a common seller of intoxicating liquors, evidence
that the defendant, during a part of the time covered by the indictment, kept a public
house, and had upon it an innkeeper's sign, is irrelevant and inadmissible in support of
the charge in the indictment.

INDICTMENT charging the defendant with being a common
seller of intoxicating liquors. At the trial in the court of com-
mon pleas, before *Byington,* J. the district attorney offered
evidence to show that, during a part of the time covered by the
indictment, the defendant kept a public house, and had upon it
an innkeeper's sign. The defendant objected to the admission
of the evidence as irrelevant and incompetent; but the objection
was overruled, and the evidence admitted. To such admission
the defendant, being convicted, alleged exceptions.

*E. W. Bond,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

THOMAS, J. We cannot perceive that this evidence had any
tendency to establish the guilt of the defendant.

Under the statute of 1837, *c.* 242, innholders may be licensed, but without authority to sell intoxicating liquors. The keeping of a public house is a lawful and respectable business, and the fact that a man is engaged in it has no tendency to show that he has violated any law of the Commonwealth. The innkeeper is licensed to keep his inn without authority to sell, and the presumption is that men obey the laws, and not that they violate them.

Incidentally, on the trial of an indictment, the fact may appear, in what business a man is engaged. But it is obvious from the distinct offer of the evidence, persisted in after the objection of the defendant, that it was relied upon as proof of the charge contained in the indictment. For this purpose it was incompetent, and calculated to prejudice the cause of the defendant. *Exceptions sustained.*